**ALD-082**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3856
_____

JIMMY HARRIS,
                                            Appellant
                              v.

DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:11-cv-07472)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2013

Before: SLOVITER, VANASKIE and WEIS, Circuit Judges
(Opinion filed: January 22, 2013)
_____

OPINION
_____

PER CURIAM.

     Jimmy Harris, a federal inmate currently incarcerated at FCI Fort Dix in Fort Dix,

New Jersey and proceeding pro se, appeals from an order of the United States District

Court for the District of New Jersey denying his habeas corpus petition pursuant to 28

1

U.S.C. § 2241. There being no substantial question presented on appeal, we will grant the Government's motion for summary action and affirm the decision of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

## I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. Harris was arrested by New Jersey state authorities on May 29, 2009. On June 3, 2009, the United States Marshal Service for the District of New Jersey took temporary custody of Harris through a writ of habeas corpus *ad prosenquendum*. On September 28, 2009, the District Court accepted Harris' guilty plea to a one-count information charging him with conspiracy to commit fraud in connection with access devices. On January 25, 2010, the Honorable Dennis Cavanaugh sentenced Harris to 58 months' imprisonment, and Harris was returned to New Jersey state custody. On March 26, 2010, the Superior Court of New Jersey sentenced Harris to three years of incarceration for possession of a controlled dangerous substance. On August 23, 2010, New Jersey paroled Harris into federal custody.

After exhausting his administrative remedies, Harris filed his § 2241 petition on December 19, 2011. In his petition, Harris asserts that the Bureau of Prisons ("BOP") erroneously failed to provide him with fifteen months of credit towards his federal sentence for time spent in state custody from May 29, 2009 through August 23, 2010 and abused its discretion by denying his request for a *nunc pro tunc* designation to his state facility as the place of his federal incarceration during this time period. On September

18, 2012, the District Court dismissed Harris' petition. Harris timely filed this appeal,[1] and the Government has filed a motion for summary affirmance.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a),[2] and "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); see also United States v. Friedland, 83 F.3d 1532, 1542 (3d Cir. 1996). We review the BOP's denial of a *nunc pro tunc* designation for abuse of discretion, see Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990), and may summarily affirm on any basis supported by the record, Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

We agree with the District Court regarding the BOP's calculation of Harris' sentence. As the record reflects, Harris' time in state custody from May 29, 2009 through August 23, 2010 was credited towards his state sentence, and therefore could not be credited towards his federal sentence. See 18 U.S.C. § 3585(b) ("A defendant shall be

---

[1] Harris filed a motion for reconsideration on September 25, 2012, four days after he filed his notice of appeal, which the District Court denied on December 19, 2012. Accordingly, Harris' notice of appeal became effective as to the District Court's September 18, 2012 order as of that date. See Fed. R. App. P. 4(a)(4)(B)(i). However, we lack jurisdiction over the District Court's subsequent denial of Harris' motion for reconsideration, which Harris has not separately appealed. See Fed. R. App. P. 4(a)(4)(B)(ii).

[2] A certificate of appealability is not required to appeal the denial of a § 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has **not** been credited against another sentence.") (emphasis added).

Furthermore, a prisoner detained pursuant to a writ of habeas corpus *ad prosenquendum* remains in the primary jurisdiction of the first jurisdiction—in Harris' case, the state of New Jersey—"unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000); see also Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) cmt. n.3(E) (2003) (an *ad prosenquendum* writ does not serve to transfer custody to federal authorities); BOP Program Statement 5880.28 § 3b (1999) (emphasizing that *ad prosenquendum* writs do not effect a transfer to federal custody). Here, New Jersey did not relinquish jurisdiction prior to Harris' parole on his state sentence. Accordingly, the BOP properly did not give Harris prior custody credit for the fifteen-month period starting on May 29, 2009 and ending on August 23, 2010.

We also agree with the District Court that the BOP did not abuse its discretion in denying Harris' request for a *nunc pro tunc* designation. Under 18 U.S.C. § 3621, the BOP has the authority to *nunc pro tunc* designate the place of confinement for a prisoner's federal sentence. Accordingly, the BOP can designate the state prison as the official facility for service of Harris' federal sentence, allowing his state and federal sentences to run concurrently. Barden, 921 F.2d at 478-79. We have previously held that

4

prisoners are entitled to have their requests for *nunc pro tunc* designation examined by the BOP utilizing the factors listed in § 3621(b).

Here, the record reflects that the BOP did review Harris's request under the five factors stated in § 3621(b), and denied his request based upon the nature and circumstances of the offense, Harris' history and characteristics, and the silence of the District Court on whether his sentence was to be concurrent. In conducting its analysis, the BOP sent a letter to Judge Cavanaugh inquiring about his position on the issue of concurrency; however, Judge Cavanaugh did not respond to the BOP's inquiry. Accordingly, the BOP's interpretation of Judge Cavanaugh's silence as a factor counseling against concurrency was not unreasonable. Cf. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run concurrently unless the court orders that the terms are to run concurrently."). Furthermore, Harris' argument that the BOP should have granted the *nunc pro tunc* designation to fulfill the wishes of the state court judge that his state sentence be concurrent to his federal sentence is meritless, as "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently." Barden, 921 F.2d at 478 n.4 (citing U.S. Const. art. VI, cl. 2). Accordingly, it appears that the BOP did not abuse its discretion under § 3621(b) by denying Harris' *nunc pro tunc* request.[3]

---

[3] Indeed, in his § 2241 petition, Harris recognized that courts in this circuit are bound by our precedent set forth in Barden. However, Harris asserted that current law is silent on whether the BOP has broad discretion to deny a *nunc pro tunc* request when the state court subsequently states that a state sentence is to be served concurrently with a federal

5

**IV.**

There being no substantial question presented on appeal, we grant the

Government's motion and will summarily affirm the District Court's order.  3d Cir.

L.A.R 27.4; I.O.P. 10.6.

---

sentence, and he raised the issue to preserve it for review in the event the Supreme Court granted *certiorari* to review our sister circuit's decision in Reynolds v. Thomas, 603 F.3d 1144 (9th Cir. 2010).  However, we note that the Supreme Court dismissed the petition for a writ of *certiorari* in Reynolds on April 2, 2012.