**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK D. COLE, | No. 12-35678 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-00412-ST |
| v. | |
| J.E. THOMAS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted April 10, 2013
Pasadena, California

Before: TALLMAN and M. SMITH, Circuit Judges, and ROSENTHAL, District Judge.[**]

Petitioner-Appellant Patrick D. Cole (Cole), a federal prisoner, appeals the

Oregon district court's dismissal of his petition for a writ of habeas corpus

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for the Southern District of Texas, sitting by designation.

pursuant to 28 U.S.C. § 2241.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The District Court for the Southern District of Texas previously considered the legality of the Bureau of Prisons's (BOP) administration of Cole's sentence when it reviewed and dismissed Cole's habeas petition to that court in 2002.  The Oregon district court therefore properly dismissed Cole's 2012 petition as successive under 28 U.S.C. § 2244(a).  The recent case of *Setser v. United States*, 132 S. Ct. 1463 (2012), does not undermine this determination.

Additionally, the BOP's letter to the judge who imposed Cole's federal sentence did not violate Cole's rights.  The BOP "ultimately has to determine how long the District Court's sentence authorizes it to continue [a prisoner's] confinement."  *Setser*, 132 S. Ct. at 1473.  The BOP by statute considers "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate."  18 U.S.C. § 3621(b)(4).  The BOP interprets § 3621 to authorize recognition of state prison time, *inter alia*, "when it is consistent with the intent of the federal sentencing court . . . ."  *Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010) (citing BOP Program Statement 5160.05 (January 16, 2003)).  Because the letter to the district judge attempted to determine the intent of the federal sentencing judge, it was not a

due process violation. *See, e.g.*, *Reynolds*, 603 F.3d at 1153 (W. Fletcher, J., concurring) ("The federal Bureau of Prisons ('BOP') acted properly in construing the sentencing judge's answer to the BOP's letter.").

**AFFIRMED.**