**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS MORANT CORDERO,

               Petitioner - Appellant,

  v.

MICHAEL L. BENOV,

              Respondent - Appellee.

No. 13-16442

D.C. No. 1:11-cv-00243-LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

    Federal prisoner Luis Morant Cordero appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2241 habeas petition. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's denial of

a section 2241 habeas petition, *see Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th

Cir. 2010), *abrogated on other grounds by Setser v. United States*, 132 S. Ct. 1463

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(2012), and we affirm.

Cordero argues that he is entitled to credit toward his federal sentence for the time spent in custody between April 30, 2004 and July 29, 2005. We disagree. The state retained primary jurisdiction over Cordero from the time he was arrested in April 2004 until he was paroled in May 2006, including the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, *see Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998), and his federal sentence did not commence until May 22, 2006, when he was received in federal custody. *See* 18 U.S.C. § 3585(a); *Taylor*, 164 F.3d at 445. He is not entitled to federal credit for the period prior to July 29, 2005, because the record reflects that the state credited this time toward his state sentence. *See* 18 U.S.C. § 3585(b); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) (section 3585(b) disallows double crediting for time served).

Cordero also contends that the Bureau of Prisons ("BOP") abused its discretion by denying his request for nunc pro tunc designation of the state facility where he served his state sentence. The record reflects that the BOP considered the statutory factors and did not abuse its discretion in denying Cordero's request. *See* 18 U.S.C. § 3621(b); *Reynolds*, 603 F.3d at 1151-52. *Setser v. United States*, 132 S. Ct. 1463 (2012), does not require a different result.

**AFFIRMED.**

13-16442