**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERRY PETERKIN,<br><br>　　　　　Petitioner - Appellant,<br><br>　v.<br><br>Warden, U.S.P. Atwater,<br><br>　　　　　Respondent - Appellee. | No. 13-56305<br><br>D.C. No. 5:12-cv-00935-SVW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 22, 2014[**]

Before:　　GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

　　　Federal prisoner Perry Peterkin appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition with prejudice.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

denial of a section 2241 habeas petition, *see Reynolds v. Thomas*, 603 F.3d 1144,

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1148 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, ___U.S.___, 132 S. Ct. 1463, 1473 (2012), and we affirm.

Peterkin contends that the Bureau of Prisons ("BOP") miscalculated his sentence, and that it abused its discretion by denying his request for nunc pro tunc designation of the state facility where he served his state sentence. The record reflects that the BOP correctly calculated Peterkin's sentence, considered the relevant statutory factors, and did not abuse its discretion in denying Peterkin's request. *See* 18 U.S.C. § 3621(b); *Reynolds*, 603 F.3d at 1151.

Peterkin also contends that the district court erred in denying his petition because the BOP was obligated to comply with the state court's order that his sentence run concurrently with his federal sentence, and the BOP's refusal to follow the state's order was an abuse of discretion, a violation of 18 U.S.C. § 3584(a), and a violation of the Full Faith and Credit Clause. Contrary to Peterkin's contentions, the BOP is not obligated to implement a state's concurrency order. *See Reynolds*, 603 F.3d at 1151; *see also Taylor v. Sawyer*, 284 F.3d 1143, 1152 (9th Cir. 2002) ("The Full Faith and Credit Clause is not violated if the BOP, a federal government agency, chooses not to give effect to a state court judgment requiring concurrent sentences."), *abrogated on other grounds by Setser*, 132 S. Ct. at 1473.

**AFFIRMED.**