NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEBASTIAN LEIGH ECCLESTON,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 13-56065

D.C. No. 2:12-cv-03999-JSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Federal prisoner Sebastian Leigh Eccleston appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2241 habeas petition.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's denial of

a section 2241 habeas petition, *see Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2010), *abrogated on other grounds by Setser v. United States*, 132 S. Ct. 1463, 1473 (2012), and we affirm.

Eccleston contends that his federal sentence should be credited with the time he spent in state custody from October 29, 1996, to July 8, 2006. We disagree. The record does not support Eccleston's claims that the federal court intended to run his federal sentence concurrently to his state sentence or that he was in federal custody at any time prior to January 28, 2011. *See* 18 U.S.C. § 3585(a); *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998). The state court's indication that the sentences were to run concurrently is not binding on the Bureau of Prisons ("BOP"), *see Reynolds*, 603 F.3d at 1149, and nothing in *Setser* suggests otherwise. Moreover, Eccleston is not entitled to custody credits prior to July 9, 2006, because the record reflects that the state credited that time toward his state sentence. *See* 18 U.S.C. § 3585(b); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) (section 3585(b) disallows double crediting for time served).

Eccleston's challenges to the BOP's denial of his request for nunc pro tunc designation under 18 U.S.C. § 3621(b) and Program Statement 5160.05 are also unavailing. When Eccleston requested nunc pro tunc designation, the BOP, in compliance with its Program Statement, solicited the view of the federal sentencing court. Based on that court's expressed preference that the sentences run

13-56065

consecutively, the BOP properly denied Eccleston's request for nunc pro tunc designation. *See Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002) ("Given the express intent of the federal sentencing judge [not to run the sentences concurrently], the BOP was obligated by the terms of its policy statement to decline the requested designation."), *abrogated on other grounds by Setser*, 132 S. Ct. at 1473. Contrary to Eccelston's suggestion, this conclusion is consistent with *Setser*, which recognized the authority of the federal court to order its sentence to run concurrently or consecutively to a state sentence. *See Setser*, 132 S. Ct. at 1468.

We decline to consider Eccleston's remaining arguments, as well as appellee's contentions that this court should not entertain the merits of Eccleston's claims, because these challenges were raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). We deny appellee's request for judicial notice. All other pending motions are denied.

**AFFIRMED.**

13-56065