**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6995**

ELTON WILLIAMS,

Petitioner - Appellant,

v.

ERIC D. WILSON,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:11-cv-00488-RBS-LRL)

Submitted: December 19, 2018                    Decided: January 9, 2019

Before AGEE, KEENAN, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Elton Williams, Appellant Pro Se. Michael Alan Rotker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Richard Daniel Cooke, Assistant United States Attorney, Richmond, Virginia, Susan Lynn Watt, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elton Williams, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice Williams' 28 U.S.C. § 2241 (2012) petition. We previously issued an opinion affirming the district court's judgment. *Williams v. Wilson*, 543 F. App'x 307 (4th Cir. 2013) (No. 13-6995). Williams timely petitioned for panel rehearing and rehearing en banc. We held that petition in abeyance pending our decision in *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018). As *Lester* recently issued, Williams' petition is ripe for disposition.

The district court dismissed Williams' petition after concluding that Williams could not show that 28 U.S.C. § 2255 (2012) was inadequate or ineffective to test the legality of his sentence because the savings clause, 28 U.S.C. § 2255(e), did not extend to applicants challenging only their sentences. At the time it rendered this decision, the district court did not have the benefit of our recent rulings in *Lester* and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *petition for cert. docketed*, No. 18-420 (U.S. Oct. 4, 2018). In both cases, we held that an inmate may, under certain circumstances, challenge the legality of his sentence in a § 2241 petition. *Wheeler*, 886 F.3d at 429; *Lester*, 909 F.3d at 716. Accordingly, we grant Williams' petition for panel rehearing, vacate the district court's order, and remand this case for further consideration in light of *Wheeler* and *Lester*.* We deny Williams' motion for counsel. We dispense with oral

---

\* According to the Bureau of Prisons Inmate Locator, as well as district court filings in Williams' criminal proceedings, Williams has been released from imprisonment. Because Williams continues to serve a term of supervised release, we
(Continued)

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

conclude that Williams' petition is not moot. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018); *Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 566 US. 231 (2012); *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (per curiam).  On remand, however, we direct the district court to first decide whether it can hear Williams' § 2241 petition on the merits, or whether it should transfer the petition to Williams' present district of confinement. *See Wheeler*, 886 F.3d at 434 n.13 ("When § 2255 appears . . . inadequate or ineffective to test the legality of his detention, . . . a federal prisoner may seek habeas relief from the court *in the district of his confinement* under § 2241." (internal quotation marks omitted)).