**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> MICHAEL WAYNE BLANCHE, <br><br> Defendant-Appellant. | Nos. 21-10071 <br> 21-10072 <br><br> D.C. Nos. <br> 2:05-cr-00243-WBS-CKD-3 <br> 2:06-cr-00451-WBS-CKD-5 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Michael Wayne Blanche appeals from the

district court's order denying his motion for compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Blanche contends that, because the district court erroneously treated U.S.S.G. § 1B1.13 as binding, it did not appreciate its discretion to grant compassionate release based on the alleged unfairness resulting from the Bureau of Prisons' failure to honor the state judge's order that Blanche's state sentence run concurrently with his federal sentences. He also argues that his health conditions warranted compassionate release even if the district court were correct that a vaccine would soon be available to him,[1] and that the court should not have considered whether his release would pose a danger to the community under § 1B1.13(2). We review the district court's denial of Blanche's motion for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and conclude that there was none.

Although Blanche is correct that the district court erroneously treated § 1B1.13 as an applicable policy statement, *see Aruda*, 993 F.3d at 802, we disagree that it declined to consider Blanche's fairness argument on that basis. To the contrary, the court considered the merits of Blanche's argument and concluded that there was "nothing unjust" about the fact that his state and federal sentences were run consecutively as both federal judges intended. The court did not abuse its

---

[1] The government asserts in its answering brief that Blanche has now been vaccinated. We do not consider this information because it is not necessary to decide the appeal. Blanche's motion to strike this portion of the answering brief is denied as unnecessary.

discretion in reaching this conclusion. *See Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010) (state judge's order to run sentence concurrently is merely a "recommendation" to federal officials that may be overcome by a contrary order from the federal judge), *abrogated on other grounds by Setser v. United States*, 566 U.S. 231 (2012). Nor did the district court abuse its discretion in concluding that, notwithstanding Blanche's serious medical conditions, they did not warrant compassionate release in light of his age, the anticipated availability of a vaccine, and other factors. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Finally, any error in the district court's consideration of the danger Blanche's release would pose to the public was harmless because the record makes clear that the court would have denied relief even if it had not considered dangerousness.

**AFFIRMED.**