**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 24-5990, 24-5992 |
| Plaintiff - Appellee, | D.C. Nos. 2:14-cr-353-GMN-GWF |
| v. | 2:15-cr-305-GMN-GWF |
| SALEUMKIAT KAYARATH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted December 2, 2025
San Francisco, California

Before:  R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Defendant Saleumkiat Kayarath appeals the sentences that the district court simultaneously imposed upon revoking his supervised release in two separate criminal cases that were both pending in that court.  At the time that the district court imposed those sentences, Kayarath was awaiting sentencing in state court after pleading guilty to charges arising from the same conduct that led to the revocation of his supervised release.  On appeal, Kayarath's sole contention is that the district court should not have ordered that his federal sentence, which he would

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

serve first, should run "consecutive to the anticipated sentence" in his state case. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's interpretation of federal law de novo, *Conestoga Servs. Corp. v. Executive Risk Indem., Inc.*, 312 F.3d 976, 981 (9th Cir. 2002), and its sentencing decisions for an abuse of discretion, *see United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), we affirm.

In *Setser v. United States*, 566 U.S. 231 (2012), the Supreme Court recognized that, in the absence of any applicable statutory limitation, "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Id*. at 236. The Court also endorsed the view of the "large majority of the federal appellate courts" that "have recognized a similar authority . . . where a federal judge anticipates a state sentence that has not yet been imposed." *Id*.; *see also United States v. Montes-Ruiz*, 745 F.3d 1286, 1291 (9th Cir. 2014) (stating that, under *Setser*, the "common law sentencing discretion that judges have long possessed" includes the power to decide "whether a federal sentence should be served concurrently with or consecutively to an anticipated state sentence"). As the district court correctly recognized, no statute and no provision of the Sentencing Guidelines dictated how the district court should exercise that

discretion here.[1]  Consequently, the district court retained its discretion, as recognized in *Setser* and *Montes-Ruiz*, to direct that Kayarath's federal sentence should be consecutive to the anticipated state sentence.

Contrary to what Kayarath suggests, nothing in *Setser* or *Montes-Ruiz* suggests that the common-law sentencing discretion possessed by federal judges on this score turns on whether, at the time that discretion is exercised, the defendant is in state or federal custody.  Indeed, *Setser* makes this point clear when it discusses the practical consequences, in our federal system, of which sentence is served first.  Because, "[i]n our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system," the *practical* effect is that the ultimate decision on whether the federal and state sentences will actually be consecutive or concurrent will typically be made by the sovereign that receives custody second:

> If a prisoner like Setser starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody.  And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences *without being bound by what the district court or the Bureau said on the matter*.

---

[1] Kayarath is therefore wrong in suggesting that the district court believed that it was constrained by § 7B1.3(f) of the Guidelines.

*Setser*, 566 U.S. at 241 (emphasis added).

Setser makes clear that the fact that the State might end up making the ultimate practical decision on the total length of incarceration does *not* provide a ground for concluding that the federal court's discretion is limited. As the Court explained, if the State, in its sentencing or sentencing-credit decisions, later thwarts the federal court's judgment that the state and federal sentences should be consecutive, that provides no basis for concluding that the federal sentence was unlawful or an abuse of discretion "at the time of [that] sentencing." *Id*. at 244. "That a sentence is thwarted does not mean that it was unreasonable." *Id*. And, from a federalism perspective, "it is always more respectful of the State's sovereignty for the district court to make its decision up front"—as the district court did here—so that "the state court has all of the information before it when it acts." *Id*. at 241. Indeed, the district court here at one point expressly acknowledged that the State, if it received custody second, could thwart the court's judgment that the sentences from the two systems should be consecutive, but the court nonetheless later proceeded to make that ruling, which it concluded was warranted under all of the circumstances.

For similar reasons, it is of no consequence that the district court's judgment that the sentences should be consecutive was inconsistent with Kayarath's plea agreement in the state proceedings. A defendant's state plea agreement does not

constrain a federal court's sentencing discretion and vice versa. *See*, *e.g.*, *Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010), *abrogated on other grounds*, *Setser*, 566 U.S. at 244. Whether Kayarath may or may not later have grounds for seeking to withdraw that state court plea does not establish that the federal court's judgment was unreasonable at the time that it was made.

**AFFIRMED.**