**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4275**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DANTE XAVIA DUFFY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00256-WO-1)

Submitted: September 23, 2014     Decided: September 25, 2014

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dante Xavia Duffy pled guilty to possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced him to 84 months' imprisonment. Duffy appeals, challenging the reasonableness of his sentence. We affirm.

Duffy contends that the sentence imposed was greater than necessary to achieve the goals of sentencing and is therefore unreasonable. We have reviewed the sentence and conclude that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Duffy, appropriately treated the Sentencing Guidelines as advisory, appropriately considered the 18 U.S.C. § 3553(a) (2012) factors in light of Duffy's individual characteristics and history, and adequately explained the sentence. Notably, the court emphasized the seriousness of the offense conduct and the fact that Duffy committed the instant offense within five months of release from a lengthy sentence imposed for a prior felony conviction. We conclude that the district court did not abuse its discretion in imposing the 84-month sentence. See Gall, 552 U.S. at 41; United States v.

2

<u>Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

Duffy also asserts that the district court abused its discretion when it declined to run the instant sentence concurrent to an anticipated sentence for violation of supervised release. The district court acknowledged its authority to impose a concurrent sentence. <u>See</u> 18 U.S.C. § 3584(a) (2012); <u>Setser v. United States</u>, 132 S. Ct. 1463, 1468 (2012). However, in light of the Sentencing Guidelines' recommendation that a sentence for violation of supervised release should be served consecutively, the district court noted that a violation of supervised release is a separate matter and declined to order the sentences to be served concurrently. We find that this decision was an appropriate exercise of the court's discretion. <u>See</u> <u>United States v. Puckett</u>, 61 F.3d 1092, 1098-99 (4th Cir. 1995).

Concluding that the 84-month sentence imposed was reasonable and within the district court's discretion, we affirm Duffy's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3