**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4532**

───────────

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

CURTIS EUGENE ELLIS,

  Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:12-cr-00395-BR-1)

───────────

Submitted:  March 30, 2015        Decided:  April 14, 2015

───────────

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Eugene Ellis appeals the sentence imposed by the district court following his guilty plea to aiding and abetting two Hobbs Act robberies and an attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2012), and to aiding and abetting the using, carrying, possessing, and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2012). The district court sentenced Ellis to concurrent 144-month terms of imprisonment on the robbery counts and a consecutive 84 months' imprisonment on the firearm count. The district court ordered that the federal sentence be served consecutively to Ellis's previously imposed state sentences. Ellis argues that the district court inadequately explained its decision to make his federal robbery sentence run consecutively to his state sentences. We affirm.

In explaining a sentence, the district court is not required to "robotically tick through . . . every subsection [of 18 U.S.C. § 3553(a) (2012)]." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). However, the court "must make an individualized assessment based on the facts presented" that is "tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Lymas, __ F.3d __, __, 2015 WL 1219553, at *3 (4th Cir. Mar. 18, 2015) (internal quotation marks omitted).

2

A district court has discretion to make a defendant's federal sentence run consecutively to or concurrently with an undischarged sentence previously imposed. 18 U.S.C. § 3584(a) (2012); Setser v. United States, 132 S. Ct. 1463, 1468 (2012). The Guidelines also provide factors a court should consider in exercising its discretion to impose a consecutive or concurrent sentence:

> (i) the factors set forth in 18 U.S.C. 3584[(b)] (referencing 18 U.S.C. § 3553(a));
>
> (ii) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
>
> (iii) the time served on the undischarged sentence and the time likely to be served before release;
>
> (iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court . . . ; and
>
> (v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.3(A) (2013).

In this case, although the district court did not expressly discuss its reasons for making the federal robbery sentence run consecutively to Ellis's prior state sentence, the district court indicated that it had considered the § 3553(a) factors, the fact that Ellis was currently subject to a state sentence with a release date of May 4, 2016, and the nature and background of these offenses. We note that the district court

3

did not expressly consider the type of the prior sentence, but its consideration of Ellis's expected release date adequately addressed this issue.  Thus, we are satisfied that the district court adequately explained its reasons for the sentence as a whole.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4