**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

## No. 15-4213

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JARVIS DEVAIL SESSOMS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Louise W. Flanagan, District Judge.  (2:14-cr-00001-FL-1)

Submitted:  December 15, 2015        Decided:  December 17, 2015

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Devail Sessoms pled guilty to knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). The district court imposed a within-Guidelines 50-month sentence, to be served consecutively to Sessoms' undischarged state sentence on an unrelated offense. He appeals, claiming that the district court's refusal to run the sentence concurrently to Sessoms' state sentence renders the sentence substantively unreasonable. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id. at 51. A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted

2

by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

We find (and Sessoms concedes) that his sentence is procedurally reasonable. He argues, however, that the sentence as imposed is substantively unreasonable because it should run concurrently with, rather than consecutive to, his undischarged state sentence. Under 18 U.S.C. § 3584 (2012), a district court retains the discretion to run a federal sentence concurrently or consecutively to an unimposed state sentence. Sester v. United States, 132 S. Ct. 229 (2012). In deciding whether to run a sentence concurrently or consecutively to another sentence, the court must consider the factors in § 3553(a) (2012). 18 U.S.C. § 3584(b). Moreover, the Guidelines express a policy concern that the court should determine whether to run a sentence concurrently or consecutively to another sentence to achieve a reasonable sentence and, with "an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense," it may be reasonable for a court to downwardly depart to achieve that goal. U.S. Sentencing Guidelines Manual § 5G1.3 App. n.3(E) (2014).

Here, the district court properly recognized its authority to run the federal sentence concurrently, consecutively, or partially concurrently with the undischarged state sentence. The court further addressed the factors set forth in 18 U.S.C. § 3553(a) as well as the policy considerations identified in USSG § 5G1.3. Accordingly, we find that Sessoms has failed to overcome the presumption of reasonableness accorded his within-Guidelines sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED