*233 Justice Scalia
delivered the opinion of the Court.
We consider whether a district court, in sentencing a defendant for a federal offense, has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed.
I — {
When officers of the Lubbock Police Department arrested petitioner Monroe Setser for possessing methamphetamine, he was already serving a 5-year term of probation imposed by a.Texas court for another drug offense. Setser was indicted in state court for possession with intent to deliver a controlled substance, and the State also moved to revoke his term of probation. As often happens in drug cases, the federal authorities also got involved. A federal grand jury indicted Setser for possessing with intent to distribute 50 grams or more of methamphetamine, 21 U. S. C. § 841(a)(1), (b)(l)(A)(viii), and he pleaded guilty.
Before the federal sentencing hearing, a probation officer calculated the applicable Sentencing Commission Guidelines range to be 121 to 151 months’ imprisonment. Citing precedent from the United States Court of Appeals for the Fifth Circuit, United States v. Brown, 920 F. 2d 1212 (1991) (per curiam), he indicated that the District Court had discretion to make Setser’s sentence either concurrent with or consecutive to any sentence anticipated in the separate state-court proceedings. Setser objected, arguing that the District Court lacked such authority. The court nevertheless made the sentence of 151 months that it imposed consecutive to any state sentence imposed for probation violation, but concurrent with any state sentence imposed on the new drug charge. Setser appealed.
While Setser’s appeal was pending, the state court sentenced him to a prison term of 5 years for probation violation and 10 years on the new drug charge. It ordered that these sentences be served concurrently. Setser then made before the Court of Appeals, in addition to the argument that the *234 District Court had no authority to order a consecutive sentence, the argument that his federal sentence was unreasonable because it was impossible to implement in light of the concurrent state sentences.
The Court of Appeals for the Fifth Circuit affirmed. 607 F. 3d 128 (2010). Following its earlier Brown decision, the court held that the District Court did have authority to order a consecutive sentence. 607 F. 3d, at 131-132. It also held that Setser⅛ sentence was reasonable, even if it was “ ‘partially foiled’ ” by the state court’s decision. Id., at 132-133. We granted certiorari, 564 U. S. 1004 (2011), and appointed an amicus curiae to brief and argue this case in support of the judgment below, 564 U. S. 1014 (2011).
⅜ — I HH
Before proceeding further, it is important to be clear about what is at issue. Setser does not contend that his federal sentence must run concurrently with both state sentences imposed after his federal sentencing hearing. He acknowledges that someone must answer “the consecutive versus concurrent question,” Brief for Petitioner 27, and decide how the state and federal sentences will fit together. The issue here is who will make that decision, which in turn determines when that decision is made. One possible answer, and the one the Fifth Circuit gave, is that the decision belongs to the Federal District Court at the federal sentencing hearing.
The concurrent-vs.-consecutive decision has been addressed by § 212(a) of the Sentencing Reform Act of 1984,18 U. S. C. § 3584, reproduced in full as Appendix A, infra. The first subsection of that provision, which says when concurrent and consecutive sentences may be imposed, and specifies which of those dispositions will be assumed in absence of indication by the sentencing judge, does not cover the situation here. It addresses only “multiple terms of imprisonment . . . imposed ... at the same time” and “a term of imprisonment . . . imposed on a defendant who is *235 already subject to an undischarged term of imprisonment.” § 3584(a). Here the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence.
Setser, supported by the Government, argues that, because § 3584(a) does not cover this situation, the District Court lacked authority to act as it did; and that the concurrent-vs.-consecutive decision is therefore to be made by the Bureau of Prisons at any time after the federal sentence has been imposed. The. Bureau of Prisons is said to derive this authority from 18 U. S. C. § 3621(b) (2006 ed. and Supp. IV), reproduced in full as Appendix B, infra.
On its face, this provision says nothing about concurrent or consecutive sentences, but the Government explains its position as follows: Section 3621(b) gives the Bureau the authority to order that a prisoner serve his federal sentence in any suitable prison facility “whether maintained by the Federal Government or otherwise.” The Bureau may therefore order that a prisoner serve his federal sentence in a state prison. Thus, when a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence — effectively making the two sentences concurrent— or decline to do so — effectively making them consecutive.[1] Based on §§ 3584(a) and 3621(b), Setser and the Government argue that the concurrent-vs.-consecutive decision, under the circumstances presented here, is committed exclusively to the Bureau of Prisons.
It is fundamental that we construe statutes governing the jurisdiction of the federal courts in light of “the common-law background against which the statutes . . . were enacted,” New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U. S. 350, 359 (1989), and the same approach *236 is appropriate here, where the issue concerns a matter of discretion traditionally committed to the Judiciary. Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. See Oregon v. Ice, 555 U. S. 160, 168-169 (2009). And a large majority of the federal appellate courts addressing the question have recognized a similar authority in the context here, where a federal judge anticipates a state sentence that has not yet been imposed. See Salley v. United States, 786 F. 2d 546, 547 (CA2 1986); Anderson v. United States, 405 F. 2d 492, 493 (CA10 1969) (per curiam); United States ex rel. Lester v. Parker, 404 F. 2d 40, 41-42 (CA3 1968) (per curiam); United States v. Kanton, 362 F. 2d 178, 179-180 (CA7 1966) (per curiam); but see United States v. Eastman, 758 F. 2d 1315, 1317 (CA9 1985).[2] We find noth *237 ing in the Sentencing Reform Act, or in any other provision of law, to show that Congress foreclosed the exercise of district courts’ sentencing discretion in these circumstances.
Setser’s main contention is that § 3584(a) has this effect. But that provision cannot sustain the weight that Setser asks it to bear. In essence, he reads the first sentence in § 3584(a) to say that “terms [of imprisonment] may run concurrently or consecutively” only “[i]f multiple terms of imprisonment are imposed ... at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.” Since the District Court was not imposing the state sentence and since it was not already imposed, the sentence could not be ordered to run consecutively. But if the text is exclusive — if the addition of only is correct — the provision forbids not only the imposition of consecutive sentences, but the imposition of concurrent ones as well. And yet, as Setser acknowledges, it must be one or the other; someone must decide the issue.
Setser’s response is that, read in context, the sentence speaks only to district courts. Under the circumstances at issue here, he says, the federal and state sentences still might run either concurrently or consecutively, but just not at the discretion of the District Court. That is an odd parsing of the text, which makes no distinction between the district court and the Bureau of Prisons. The placement of §3584 does indeed suggest that it is directed at district courts — but that is likely because Congress contemplated that only district courts would have the authority to make the concurrent-vs.-consecutive decision, not because Congress meant to leave the Bureau unfettered. Indeed, the Bureau already follows the other directives in § 3584(a). See Brief for United States 35. For example, if the district *238 court imposes multiple terms of imprisonment at the same time, but fails to address the concurrent-vs.-consecutive issue, the terms “run concurrently,” § 3584(a), and the Bureau is not free to use its “place of imprisonment” authority to achieve a different result.[3].
The Latin maxim on which Setser relies — expressio unius est exclusio alterius — might have application here if the provision in question were a conferral of authority on district courts. Giving sentencing authority in only specified circumstances could be said to imply that it is withheld in other circumstances. Section 3584, however, is framed not as a conferral of authority but as a limitation of authority that already exists (and a specification of what will be assumed when the exercise of that authority is ambiguous). It reads not “District courts shall have authority to impose multiple terms of imprisonment on a defendant at the same time, etc.” but rather “If multiple terms of imprisonment are imposed on a defendant at the same time, [etc.]” — quite clearly assuming that such authority already exists. (Emphasis added.) The mere acknowledgment of the existence of certain preexisting authority (and' regulation of that authority) in no way implies a repeal of other pre-existing authority. And that is especially true when there is an obvious reason for selecting the instances of pre-existing authority that are addressed — to wit, that they are the examples of sentencing discretion most frequently encountered.
Moreover, expressio unius est exclusio alterius is a double-edged sword. Setser thinks it suggests that, because § 3584(a) recognizes judicial discretion in scenario A *239 and scenario B, there is no such discretion in scenario C. But the same maxim shows much more convincingly why § 3621(b) cannot be read to give the Bureau of Prisons exclusive authority to make the sort of decision committed to the district court in § 3584(a). When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau’s role in the process, the implication is that no such role exists. And that conclusion is reinforced by application of the same maxim (properly, in this instance) to § 3621(b) — which is a conferral of authority on the Bureau of Prisons, but does not confer authority to choose between concurrent and consecutive sentences. Put to the choice, we believe it is much more natural to read § 3584(a) as not containing an implied “only,” leaving room for the exercise of judicial discretion in the situations not covered, than it is to read § 3621(b) as giving the Bureau of Prisons what amounts to sentencing authority.
HH l-H
None of the other objections to this approach raised by Setser and the Government require a different result.
Our decision today follows the interpretive rule they invoke, that we must “give effect... to every clause and word” of the Act. United States v. Menasche, 348 U. S. 528, 538-539 (1955) (internal quotation marks omitted). The first sentence in § 3584(a) addresses the most common situations in which the decision between concurrent and consecutive sentences must be made: where two sentences are imposed at the same time, and where a sentence is imposed subsequent to a prior sentence that has not yet been fully served. It says that the district court has discretion whether to make the sentences concurrent or consecutive, except that it may not make consecutive a sentence for “an attempt” and a sentence for an “offense that was the sole objective of the attempt.” And the last two sentences of § 3584(a) say what will be assumed in those two common situations if the court *240 does not specify that the sentence is concurrent or consecutive. Giving those dispositions full effect does not demand that we regard them as eliminating sentencing discretion in other situations.
Setser and the Government both suggest that, because § 3584(b) directs courts to consider the sentencing factors in § 3553(a) in making these decisions, and because some of those factors will be difficult to apply with respect to anticipated sentences, the Act cannot be read to allow judicial discretion in these circumstances. One cannot be sure that the sentence imposed is “sufficient, but not greater than necessary,” § 3553(a), the argument goes, if one does not know how long it will actually be. But the district judge faces the same uncertainty if the concurrent-vs.-consecutive decision is left for later resolution by the Bureau of Prisons; he does not know, for example, whether the 5-year sentence he imposes will be an actual five years or will be simply swallowed within another sentence. To be sure, the Bureau of Prisons, if it waits to decide the matter until after the state court has imposed its sentence, will know for sure what sentences it is dealing with. But the Bureau is not charged with applying § 3553(a). The factors that guide the agency’s “place of imprisonment” decision do include “the nature and circumstances of the offense” and “the history and characteristics of the prisoner,” § 3621(b)(2), (b)(3) (2006 ed.) — factors that are, to be sure, relevant to sentencing but also relevant to selection of the place of confinement; but they also include factors that make little, if any, sense in the sentencing context, such as “the resources of the facility contemplated” and whether the state facility “meets minimum standards of health and habitability,” ■§ 3621(b), (b)(1). (These factors confirm our view that §3621 is not a sentencing provision but a place-of-confinement provision.) It is much more natural for a judge to apply the § 3553(a) factors in making all concurrent-vs.-consecutive decisions, than it is for some such décisions to be made by a judge applying § 3553(a) factors *241 and others by the Bureau of Prisons applying § 3621(b) factors.
The final objection is that principles of federalism and good policy do not allow a district court to make the concurrent-vs.-consecutive decision when it does not have before it all of the information about the anticipated state sentence. As for principles of federalism, it seems to us they cut in precisely the opposite direction. In our American system of' dual sovereignty, each sovereign — whether the Federal Government or a State — is responsible for “the administration of [its own] criminal justice syste[m].” Ice, 555 U. S., at 170. If a prisoner like Setser starts in state custody, serves his, state sentence, and then moves to federal custody, it will always be the Federal Government — whether the district court or the Bureau of Prisons — that decides whether he will receive credit for the time served in state custody. • And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter. Given this framework, it is always more respectful of the State’s sovereignty for the district court to make its decision up front rather than for the Bureau of Prisons to make the decision, after the state court has acted. That way, the state court has all of the information before it when it acts.[4] The Government’s position does not promote the States’ interest — just the interests of the Bureau of Prisons.
*242 As for good policy: The basic claim of Setser, the Government, and the dissent is that when it comes to sentencing, later is always better because the decisionmaker has more information. See, e. g., post, at 252 (“[A] sentencing judge typically needs detailed information when constructing a multiple-count or multiple-conviction Guideline sentence”). That is undoubtedly true, but when that desideratum is applied to the statutory structure before us here it is overwhelmed by text, by our tradition of judicial sentencing,[5] and by the accompanying desideratum that sentencing not be left to employees of the same Department, of Justice that conducts the prosecution.[6] Moreover, when the district court’s *243 failure to “anticipat[e] developments that take place after the first sentencing,” Brief for United States 29, produces unfairness to the defendant, the Act provides a mechanism for relief. Section 3582(c)(1)(A) provides that a district court,
“upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that... extraordinary and compelling reasons warrant such a reduction [or that the defendant meets other criteria for relief].”
1 — 1 <1
Setser argues that, even if the District Court’s consecutive order was consistent with § 3584(a), it made his sentence impossible to implement and therefore unreasonable under the Act, see United States v. Booker, 543 U. S. 220, 261-262 (2005),[7] in light of the State’s decision to make his sentences-concurrent. We think not. There is nothing unreasonable — let alone inherently impossible — about the sentence itself. Setser is ordered to serve a 151-month term in federal custody, and that sentence should run concurrently with one state sentence and consecutively with another.
The difficulty arises not from the sentence, but from the state court’s decision to make both state sentences concurrent. Which of the District Court’s dispositions should prevail: that his federal sentence run consecutively to the state sentence on the parole revocation charge, or that his federal sentence run concurrently with the state sentence on the *244 new drug charge? If the federal sentence is added to the state sentence it will not be concurrent with the new drug charge, and if it is merged in the state sentence it will not be consecutive to the parole revocation charge. This is indeed a problem, but not, we think, one that shows the District Court’s sentence to be unlawful. The reasonableness standard we apply in reviewing federal sentences asks whether the district court abused its discretion. See Gall v. United States, 552 U. S. 38, 46 (2007). Setser identifies no flaw in the District Court’s decisionmaking process, nor anything available at the time of sentencing that the District Court failed to consider. That a sentence is thwarted does not mean that it was unreasonable. If a district court ordered, as a term of supervised release, that a defendant maintain a steady job, but a subsequent disability rendered gainful employment infeasible, we doubt that one would call the original sentence an abuse of discretion. There will often be late-onset facts that materially alter a prisoner’s position and that make it difficult, or even impossible, to implement his sentence.
This is where the Bureau of Prisons comes in — which ultimately has to determine how long the District Court’s sentence authorizes it to continue Setser’s confinement. Setser is free to urge the Bureau to credit his time served in state court based on the District Court’s judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau’s Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U. S. C. §2241. We express no view on whether those proceedings would be successful.
* * *
Because it was within the District Court’s discretion to order that Setser’s sentence run consecutively to his antici *245 pated state sentence in the probation revocation proceeding; and because the state court’s subsequent decision to make that sentence concurrent with its other sentence does not establish that the District Court abused its discretion by imposing an unreasonable sentence; we affirm the judgment of the Court of Appeals. ■

It is so ordered.

APPENDIXES
A
18U.S. C. §3584
“Multiple sentences of imprisonment
“(a) Imposition of Concurrent or Consecutive. Terms. — If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
“(b) Factors To Be Considered in Imposing Concurrent or Consecutive Terms. — The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
“(c) Treatment of Multiple Sentence as an Aggregate. — Multiple terms of imprisonment ordered to run con *246 secutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.”
B
18 U. S. C. § 3621(b) (2006 ed. and Supp. IV)
“Place of Imprisonment. — The Bureau of Prisons shall’ designate the place of the prisoner’s imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
“(1) the resources of the facility contemplated;
“(2) the nature and circumstances of the offense;
“(3) the history and characteristics of the prisoner;
“(4) any statement by the court that imposed the sentence—
“(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
“(B) recommending a type of penal or correctional facility as appropriate; and
“(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
“In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or *247 abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.”

 The Bureau of Prisons sometimes makes this designation while the prisoner is in state custody and sometimes makes a nunc pro tunc designation once the prisoner enters federal custody.

 The dissent is incorrect to say, post, at 253-254 (opinion of Breyer, J.), that only the Second Circuit, in Salley, held to that effect. So did the Seventh Circuit in Kanton and the Tenth Circuit in Anderson. The dissent says that Anderson addressed only the question “whether a federal sentence runs from the date of its imposition or from the date of entry into federal custody,” post, at 253. That is true enough (and it is true of Kanton as well); but answering that question in a manner that upheld the consecutive federal sentence (i. e., it runs from the date of entry into federal custody) necessarily upheld the sentencing court’s authority to impose the consecutive federal sentence. In fact, Anderson confronted and specifically rejected the defendant’s argument that “ ‘no court has the authority to impose a sentence consecutive to something that does not exist,’ ” 405 F. 2d, at 493. And, finally, so did the Third Circuit in Lester. The dissent says that Lester addressed only the question “whether a sentence was insufficiently certain for purposes of due process,” post, at 253. But that was the defendant’s principal reason (as it appears also to be the dissent’s principal reason) for asserting that the sentencing court had no authority to impose a consecutive sentence. And the Third Circuit rejected not only that reason but “[ojther arguments advanced by [the defendant]” attacking the consecutive sentence, 404 F. 2d, at 42.
The only contrary federal appellate decision rendered before the Sentencing Reform Act took effect relied upon 18 U. S. C. § 4082 (1982 ed.) *237 (the predecessor of § 3621) and § 3568 (1982 ed.) (repealed by 98 Stat. 1987), which provided that a federal sentence “shall commence to rim from the date on which such person is received” into federal custody. See United States v. Eastman, 758 F. 2d 1315, 1317 (CA9 1985).

 The Government contends that the Bureau applies the default rules in § 3584(a) “[a]s a matter of discretion” but is not “ ‘bound’ ” by that subsection. Reply Brief for United States 15, n. 5. We think it implausible that the effectiveness of those rules — of § 3584(a)’s prescription, for example, that “[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently” — depends upon the “discretion” of the Bureau.

 Setser notes that the text of § 3584(a) does not distinguish between state and federal sentences. If a district court can enter a consecutive sentencing order in advance of an anticipated state sentence, he asks, what is to stop it from issuing such an order in advance of an anticipated federal sentence? It could be argued that § 3584(a) impliedly prohibits such an order because it gives that decision to the federal court that sentences the defendant when the other sentence is “already” imposed — and does not speak (of course) to what a state court must do when a sentence has already been imposed. It suffices to say, however, that this question is not before us.

 To support its view that Congress authorized the Bureau to make concurrent-vs.-consecutive decisions, the dissent relies on the fact that the Executive long had what is effectively sentencing authority in its ability to grant or deny parole. That is a particularly curious power for the dissent to rely upon, inasmuch as most of the dissent discusses (in great detail) the Sentencing Reform Act, whose principal objective was to eliminate the Executive’s parole power. Curiouser still is the dissent’s invocation of the Guidelines system, which “tell[s] the sentencing judge how, through the use of partially concurrent and partially consecutive sentences, to build a total sentence that meets the Guidelines’ requirements.” Post, at 249-250. These “instructions,” post, at 249 do not cover yet-to-be-imposed sentences, the dissent says, because “the sentencing judge normally does not yet know enough about the behavior that underlies (or will underlie)” such a sentence. Post, at 250. That explains, perhaps, why the Guidelines’ “instructions” to judges do not cover them. But why do not the Guidelines “instruct” the Bureau of Prisons how to conduct its concurrent/consecutive sentencing? If the reason is (as we suspect) that the Sentencing Commission does not have, or does not believe it has, authority to “instruct” the Bureau of Prisons, the dissent’s entire argument based upon what it calls “the purposes and the mechanics of the SRA’s sentencing system,” post, at 252, falls apart. Yet-to-be-imposed sentences are not within the system at all, and we are simply left with the question whether judges or the Bureau of Prisons is responsible for them. For the reasons we have given, we think it is judges.

 Of course, a, district court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently. In some situations, a district court may have inadequate information and may forbear, but in other situations, that will not be the case.

 We have never had occasion to decide whether reasonableness review under Booker applies to a court’s decision that a federal sentence should run concurrently with or consecutively to another sentence. The Courts of Appeals, however, generally seem to agree that such review applies. See, e. g., United States v. Padilla, 618 F. 3d 643, 647 (CA7 2010) (per curiam); United States v. Matera, 489 F. 3d 115, 123-124 (CA2 2007). For purpose of the present case we assume, without deciding, that it does.