**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4977**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

SAMMY LEE MEBANE, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., Chief District Judge.  (1:11-cr-00301-WO-2)

Submitted:  September 16, 2013      Decided:  October 29, 2013

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Stephen T. Inman, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sammy Lee Mebane, Jr., pleaded guilty to possession of a firearm after sustaining a prior conviction for an offense punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Mebane to seventy-eight months of imprisonment, with twenty-eight months to run concurrently with any sentence Mebane would receive for pending related state charges. Mebane now appeals. Finding no error, we affirm.

Mebane argues on appeal that the sentence is substantively unreasonable because the district court did not impose a sentence entirely concurrent to the un-imposed state sentence. We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). A district court has the discretion to impose a federal sentence concurrent to, consecutive to, or partially concurrent to any un-imposed state sentence. See Sester v. United States, 132 S. Ct. 1463, 1468-69 (2012). In deciding whether to run a sentence concurrently or consecutively to another sentence, the court must consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b).

We have thoroughly reviewed the record and the relevant legal authorities and conclude that the court's below-

2

Guidelines sentence, imposed partially concurrent with the un-imposed state sentence, is reasonable. The district court recognized its authority to sentence Mebane either consecutively to or concurrently with the un-imposed state sentence, thoroughly considered and discussed the parties' arguments and the § 3553(a) factors, and exhaustively explained the chosen sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED