**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4959**

_____

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

        v.

LAMARR PATE MURPHY, a/k/a Bandana Red,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   William L. Osteen, Jr., Chief District Judge.  (1:11-cr-00301-WO-1)

_____

Submitted:  November 4, 2013        Decided:  December 3, 2013

_____

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamarr Pate Murphy pleaded no contest to possession of a firearm after sustaining a prior conviction for an offense punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Murphy to 120 months of imprisonment, with twenty-four months to run concurrently with any sentence Murphy would receive for pending related state charges. Murphy now appeals. Finding no error, we affirm.

Murphy argues on appeal that the sentence is substantively unreasonable because the district court did not impose a sentence entirely concurrent to the anticipated state sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). A district court has the discretion to impose a federal sentence concurrent with, consecutive to, or partially concurrent with any anticipated state sentence. See Sester v. United States, 132 S. Ct. 1463, 1468-69 (2012). In deciding whether to run a sentence concurrently or consecutively to another sentence, the court must consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b).

Here, the district court recognized its authority to sentence Murphy either consecutively to, concurrently, or

2

partially concurrently with the anticipated state sentence, thoroughly considered and discussed the parties' arguments and the § 3553(a) factors, and exhaustively explained the chosen sentence. Based on the factors discussed by the district court, we conclude that the court's within-Guidelines sentence imposed partially concurrent with the not-yet-imposed state sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED