**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4511**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

FIDEL ANDRADE-HERNANDEZ,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:12-cr-00446-CCE-1)

———————————

Submitted:  January 3, 2014        Decided:  January 15, 2014

———————————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fidel Andrade-Hernandez appeals the sentence of twelve months and one day of imprisonment imposed by the district court after he pled guilty to illegally re-entering the United States following removal, in violation of 8 U.S.C. § 1326(a) (2012). On appeal, Andrade-Hernandez argues that the district court abused its discretion by declining to order his federal sentence to run concurrently with an anticipated state sentence on an unrelated state charge pending at the time of his federal sentencing. We affirm.

Under 18 U.S.C. § 3584 (2012), a district court retains the discretion to run a federal sentence concurrently with or consecutively to an anticipated state sentence. See Setser v. United States, 132 S. Ct. 1463, 1468 (2012). In deciding whether to run a sentence concurrently or consecutively to another sentence, the court must consider the factors in 18 U.S.C. § 3553(a) (2012). 18 U.S.C. § 3584(b). Here, the district court stated only that it would not recommend that Andrade-Hernandez's federal sentence run concurrently with the anticipated state sentence. The district court, after concluding that it lacked information about the pending state charge, found that the state court was in a better position to determine whether the sentences (if indeed there is a conviction and sentence on the state charge) should run concurrently or

consecutively.  The district court's approach is consistent with Setser.  See 132 S. Ct. at 1472 n.6 ("[A] district court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently.  In some situations, a district court may have inadequate information and may forbear . . . .").  Because the district court made its determination after considering Andrade-Hernandez's arguments and fully understood the scope of its discretion, we conclude that the district court did not abuse that discretion when it declined to order Andrade-Hernandez's federal sentence to run concurrently with his anticipated state sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED