[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14074
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-20887-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS RIVAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 4, 2016)

Before MARTIN, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Two judges sentenced Juan Carlos Rivas for two separate crimes.  First,

Judge James Lawrence King of the U.S. District Court for the Southern District of

Florida sentenced Rivas to 30 months in prison for an illegal reentry conviction. A week later, Judge Federico A. Moreno of the same court sentenced Rivas to six months in prison for a violation of supervised release. After Judge King announced the 30-month sentence in his case, he stated that the sentence "shall run concurrent" to whatever sentence Judge Moreno chose in the other case. Judge Moreno acknowledged Judge King's wishes but decided that the six-month sentence in his case would run consecutively to the 30-month sentence from Judge King's case. This is an appeal of the sentence in Judge Moreno's case. Rivas argues that Judge Moreno could not impose a consecutive sentence once Judge King said the two sentences would be concurrent. The question before us then is whether one judge can require another judge to impose a concurrent rather than consecutive sentence in the future. The answer is no.

We review the imposition of a consecutive sentence for abuse of discretion. United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009). When a defendant faces more than one prison sentence, 18 U.S.C. § 3584(a) authorizes the judge to choose to run those sentences either concurrently or consecutively. This includes a new sentence imposed on a defendant who is still serving a sentence imposed in the past. See 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."). If a judge

chooses a consecutive sentence, the choice must be based on the factors listed in 18 U.S.C. § 3553(a). See id. § 3584(b) ("The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [§] 3553(a).").

At the time Judge Moreno sentenced Rivas, the 30-month sentence that Judge King had imposed the previous week was "an undischarged term of imprisonment." Id. § 3584(a). This means § 3584 authorized Judge Moreno to make Rivas's new sentence either concurrent or consecutive to the 30-month sentence. The sentencing transcript reflects that Judge Moreno knew he had the discretion to make this choice. He also knew that the guideline range in Judge King's case was 57 to 71 months in prison. Judge Moreno stated that he believed Rivas "should do six more months than what Judge King gave him." He also confirmed that he "considered [the §] 3553(a) factors in the sentence" and added that the sentence he chose was half of "what the probation officer recommended" (a 12-month consecutive sentence).

Rivas argues that "once the concurrent vs. consecutive question was addressed by the first sentencing judge the second sentencing judge no longer had the authority to address this issue." The sole authority Rivas cites for this argument is Setser v. United States, __ U.S. __, 132 S. Ct. 1463 (2012). Setser

held that a federal judge can require a sentence to run consecutive to a state sentence that has not been imposed yet.  Id. at 1473.  Setser did nothing to deprive Judge Moreno of his § 3584 authority to choose a consecutive sentence.  The issue in Setser was whether a judge can tack a consecutive sentence on to a sentence that would be imposed in the future by a separate sovereign (a state), not whether one judge can require another judge to impose a concurrent sentence in the future.

The record shows that Judge Moreno acted within his discretion when he chose a consecutive sentence.  Rivas's sentence in this case is **AFFIRMED**.

4