**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>YASIR MILLAN-SANCHEZ,<br><br>Defendant-Appellant. | No.    15-10618<br><br>D.C. No. 4:13-cr-00139-JGZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Yasir Millan-Sanchez appeals from the district court's judgment entered upon remand, which does not specify whether the 60-month concurrent sentences imposed therein shall run concurrently or consecutively to any additional time the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

State of Utah orders him to serve for his parole violation on an earlier state conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Millan-Sanchez argues that the district court was required to make a concurrent/consecutive determination under 18 U.S.C. § 3584(a). However, that statute does not apply here because, at the time Millan-Sanchez's federal sentence was imposed, he was not already subject to an undischarged term of imprisonment; rather, the state had yet to sentence him for his parole violation. *See Setser v. United States*, 566 U.S. 231, 234-35 (2012) (section 3584(a) did not apply where the state court had yet to impose a sentence on the probation violation when the federal sentence was imposed). In any event, the statute does not help Millan-Sanchez because it plainly contemplates that there will be situations where the district court does not order its sentence to be concurrent or consecutive. *See id.* at 239-40 (section 3584(a) sets forth what will be assumed in certain situations when the district court does not specify whether its sentence is concurrent or consecutive). We also reject Millan-Sanchez's suggestion that the district court's refusal to make the concurrent/consecutive determination was a violation of this court's mandate. As required by this court, the district court considered *Setser*, and acknowledged its discretion to make the concurrent/consecutive determination.

*See id.* at 244. Nothing in our order or otherwise required it to exercise its discretion.

Millan-Sanchez also contends that the district court clearly erred in deferring the concurrent/consecutive decision because it presumed that the decision would be made by a Utah court when in fact the parole board will decide whether to credit his federal sentence towards any subsequent time he is ordered to serve in Utah. Any factual error by the district court does not merit reversal because it does not undermine the court's conclusion that Utah—by whatever sentencing procedure it employs—is in a better position to decide whether or not Millan-Sanchez should receive credit for his federal time when determining the penalty for his Utah parole violation. Indeed, as a practical matter, any decision by the district court would not be controlling in this case because, by virtue of the fact that Utah will sentence Millan-Sanchez after his federal sentence terminates, it will ultimately determine the overall sentence that Millan-Sanchez serves. *See id.* at 241 (if a defendant serves his federal sentence first, "the State will decide whether to give him credit against his state sentences without being bound by what the district court . . . said on the matter").

**AFFIRMED.**