# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4241

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

STEVENSON GILBERTO TRICE,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:16-cr-00336-WO-1)

Submitted:  October 20, 2017          Decided:  November 6, 2017

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stevenson Gilberto Trice pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed a sentence of 118 months' imprisonment, with 40 months to run concurrently with any sentence Trice receives for related state charges. Trice appeals, arguing that the district court abused its discretion by not imposing a sentence that is entirely concurrent with any related state sentence. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). While this review can entail appellate consideration of both the procedural and substantive reasonableness of the sentence, *id.* at 51, Trice challenges only substantive reasonableness. In considering a sentence's substantive reasonableness, we evaluate "the totality of the circumstances." *Id.* A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Under 18 U.S.C. § 3584 (2012), a district court retains discretion to run a sentence concurrently or consecutively to an unimposed state sentence. *See Setser v. United States*, 566 U.S. 231, 236-37 (2012); U.S. Sentencing Guidelines Manual § 5G1.3(c) (2016). The Guidelines make clear that the district court's exercise of discretion to determine whether and to what extent a sentence should be concurrent "is predicated on the court's consideration of the § 3553(a) factors, including any applicable guidelines or

2

policy statements issued by the Sentencing Commission." USSG § 5G1.3 cmt. background; *see* § 3584(b).

Trice contends that his sentence is substantively unreasonable because the district court did not make his sentence entirely concurrent with any future related state court sentences. The district court properly recognized its authority to run the federal sentence concurrently, consecutively, or partially concurrently with any related state sentence imposed in the future. The court explained that it made Trice's sentence partially concurrent in order to reflect his acceptance of responsibility, but also the seriousness of the § 922(g)(1) offense and the need to protect the public and deter criminal conduct. We conclude that Trice has failed to show that his sentence is unreasonable.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*