**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK SUTTON, | No. 17-55112 |
| Appellant, | D.C. No. 5:16-cv-00532-FMO |
| v. | |
| CALVIN JOHNSON, | MEMORANDUM* |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Federal prisoner Frederick Sutton appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's denial of a section

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2241 habeas petition, *see Reynolds v. Thomas,* 603 F.3d 1144, 1148 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 566 U.S. 231 (2012). We affirm.

Sutton argues that he is entitled to credit toward his federal sentence for the time spent in custody between January 5, 2009, and November 24, 2009. We disagree. Under 18 U.S.C. § 3585(b), a defendant cannot receive "double credit" – that is, credit going towards two separate sentences – for time spent in presentence custody. *See United States v. Wilson*, 503 U.S. 329, 337 (1992). Here, Sutton spent 317 days in presentence custody. Because the record reflects that the state of Michigan credited this time towards a prior Michigan state sentence, he is not entitled to credit this 317-day period towards his federal sentence. *See* 18 U.S.C. § 3585(b).

**AFFIRMED.**