# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 19-3071**

**September Term, 2021**

FILED ON: JULY 22, 2022

UNITED STATES OF AMERICA,

APPELLEE

v.

RUSSELL HARRISON, ALSO KNOWN AS RUSS,

APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cr-00059-8)

———

Before: WILKINS, KATSAS, and JACKSON,[*] *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is hereby

**ORDERED** that the judgment of the District Court be **AFFIRMED**.

After officers found drug paraphernalia and six firearms in his Maryland home, a federal grand jury in the District of Columbia charged Russell Harrison with one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of using a firearm during and in relation to the conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A). While in jail pending resolution of the charges, Harrison stabbed a fellow inmate several times. He was then charged in D.C. Superior Court with assault and attempted possession of a prohibited weapon in violation of D.C. law. Harrison and the government reached a plea agreement on the federal charges: Harrison pleaded guilty to the section 924(c) charge, and the government dropped the

———

[*] Circuit Judge, now Justice, Jackson was a member of the panel when this case was argued but did not participate in the judgment.

1

conspiracy charge. Harrison's recommended sentence for the section 924(c) offense under the Sentencing Guidelines was five years, the statutory minimum. U.S.S.G. § 2K2.4(b).

The district court held two sentencing hearings. At the first, it decided not to sentence Harrison until his D.C. charges had been resolved, in order to make the federal sentence run consecutively with any D.C. sentence. Nevertheless, the parties presented their respective sentencing recommendations. After they did so, the court determined that an upward variance would be appropriate given Harrison's extensive criminal history, the number of weapons involved, and his stabbing of another inmate. After Harrison was sentenced to 90 days' imprisonment for his D.C. offenses, the district court held a second hearing and imposed a sentence of nine years and two months, a 50-month upward variance. At that hearing, the court offered no further explanation for the variance.

On appeal, Harrison claims that his plea was invalid because the district court wrongly informed him that conspiracy to distribute cocaine is a predicate "drug trafficking crime" under section 924(c). We disagree. The term "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). That Act makes distributing cocaine a felony. 21 U.S.C. § 841(a)(1). It likewise makes it a felony to conspire to commit an offense that the Act elsewhere defines as a felony. *Id.* § 846. Thus, the court properly informed Harrison about the section 924(c) charge.

Harrison further claims that the district court partly based its variance on out-of-circuit precedent contrary to the law of this circuit. The Armed Career Criminal Act imposes a 15-year mandatory minimum for possessing a firearm as a felon with three qualifying prior convictions. 18 U.S.C. § 924(e). At sentencing, the government argued that although this minimum did not apply to Harrison under D.C. Circuit precedent, it could have brought charges in Maryland, where the minimum would apply under Fourth Circuit precedent. In explaining its sentence, the district court neither credited nor rejected this argument. Harrison claims we must therefore remand for clarification. But we presume "that the district court knew and applied the law correctly"; we do not remand where the court was merely "silent as to its view" on an erroneous argument presented by the government. *United States v. Mouling*, 557 F.3d 658, 668 (D.C. Cir. 2009).

Harrison also argues that the district court failed to explain its upward variance. Because he did not raise this objection below, we review it only for plain error. Fed. R. Crim. P. 52(b). At the first sentencing hearing, the court gave an adequate explanation by identifying several considerations, most notably Harrison's post-arrest attack against another inmate, that the applicable guidelines did not take into account. *See United States v. Akhigbe*, 642 F.3d 1078, 1086 (D.C. Cir. 2011). The court's only potential error was the timing of its explanation. A court must explain its sentence "at the time of sentencing." 18 U.S.C. § 3553(c). "Sentencing" often refers only to "the oral announcement of the sentence," Fed. R. Crim. P. 35(c), and the court did not explain its sentence at that time. But "sentencing" can also refer more broadly to sentencing proceedings generally. For instance, it is common to say that a party made an argument "at sentencing," which cannot mean at the moment the court orally announced the sentence. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 359 (2007) ("Rita argued at sentencing that his circumstances are special."). On this broader understanding of the term, the district court arguably explained the variance "at the time of sentencing"—*i.e.*, at a hearing conducted after the relevant charges had

been adjudicated and the parties had been afforded a full opportunity to argue any relevant sentencing issues. We do not hold that the broader interpretation is the correct one. Instead, we hold only that, because that question is at least reasonably debatable, any timing error here was not plain. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (to constitute plain error, the "legal error must be clear or obvious, rather than subject to reasonable dispute"). In addition, the court's explanation establishes the substantive reasonableness of Harrison's sentence, given the differences between his case and, say, that of a drug offender with a single gun, no prior criminal history, and no acts of violence.

Finally, Harrison argues that his Superior Court counsel was ineffective by failing to delay the Superior Court sentencing until after the district court had sentenced him on the section 924(c) charge. Had counsel done this, he claims, the district court could not have imposed a consecutive sentence. But the Sixth Amendment right to counsel is "specific to the offense" charged. *Texas v. Cobb*, 532 U.S. 162, 172 n.2 (2001). Harrison's Superior Court counsel, who was not the same attorney as his district court counsel, had no constitutional duty to assist him in his district court proceedings. In any event, counsel's failure to delay did not prejudice Harrison. The district court made clear that it would wait until after the Superior Court proceedings had concluded to sentence Harrison, so that it could be sure to impose a consecutive sentence. And even if counsel could somehow have forced the district court to issue the first sentence, the district court still could have directed that its sentence run consecutively to the Superior Court sentence even though the latter had not yet been issued. *Setser v. United States*, 566 U.S. 231, 234–37 (2012).

For these reasons, we affirm the judgment of the district court. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

3