21-2667-cr
*United States v. Tisdol*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-three.

PRESENT:    JOSÉ A. CABRANES,
                    REENA RAGGI,
                    JOSEPH F. BIANCO,
                                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee,*                                        21-2667-cr

                        v.

WILLIAM TISDOL,

                        *Defendant-Appellant.*

_____

**FOR APPELLEE:**                         MARGARET M. DONOVAN, (Conor M. Reardon, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

**FOR DEFENDANT-APPELLANT:**             WILLIAM T. KOCH III, Koch, Garg & Brown, LLP, Niantic, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut

(Janet Bond Arterton, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 14, 2021 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant William Tisdol appeals from a judgment of conviction, arguing for a remand because he believes that the District Court erred by not specifying whether his federal sentence—principally 18 months' imprisonment—should have run concurrently or consecutively with an anticipated state criminal sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under *Setser v. United States*, 566 U.S. 231 (2012), a federal district court sentencing a defendant facing an anticipated state sentence has "the power to impose anticipatory consecutive (or concurrent) sentences," but also has the discretion to forbear from rendering such a decision, *id.* at 242 n.6. *Setser* explains that "[i]n some situations, a district court may have inadequate information and may forbear, but in other situations, that will not be the case." *Id.*

Tisdol asks us to "hold that it was error for the District Court in this case to decline to exercise its discretion." Def. Br. 7. But the District Court *exercised* its discretion by declining to rule on whether the federal sentence would run consecutive or concurrent with the possible future state sentence. As the Government correctly notes, "there was significant uncertainty about the likely disposition of the state cases." Gov't. Br. 11; *see* Gov't. App'x 12; PSR ¶¶ 31–33; App'x 14. On this record, the District Court was well within its discretion to forbear in ruling on how the federal sentence should relate to a not-yet-imposed state sentence.

We note the letter of February 17, 2023, from the U.S. Attorney's Office to the District Court, in which the Government recorded its position that—in light of the state court's order—the sentence at issue in this appeal and the state sentence should run concurrently. We are confident that the District Court will give the letter its careful and prompt attention.

## CONCLUSION

We have reviewed the remaining arguments raised by Tisdol on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk