**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4382

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL MARROQUIN, a/k/a Marco Martinez, a/k/a Marco Vinicio Martinez, a/k/a Marco Vinicio Carrillo Martinez, a/k/a Marco Vinici Carrillo Martinez, a/k/a Marcos Carrillo-Martinez, a/k/a Marcos V. Martinez, a/k/a Arturo Alva Sanchez, a/k/a Arturo Alva, a/k/a Corrio Martinez, a/k/a Orellano Rodriguez, a/k/a Roberto Rodriguez,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:21-cr-00074-LCB-1)

Submitted:  February 13, 2024                    Decided:  February 29, 2024

Before WILKINSON and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Marroquin pled guilty, without a written plea agreement, to unauthorized reentry of a removed alien, in violation of 8 U.S.C. § 1326(a). The district court sentenced Marroquin to 24 months' imprisonment, within the advisory Sentencing Guidelines range, and imposed the sentence to run consecutively to Marroquin's undischarged North Carolina state sentence. Marroquin argues on appeal that the district court (1) procedurally erred by refusing to allow him to introduce evidence at the sentencing hearing regarding the facts underlying the prior state conviction that was used to enhance his base offense level, and (2) abused its discretion by imposing his sentence to run consecutively to his undischarged state sentence, contending that a concurrent sentence was warranted because his prior state conviction had already been considered in the calculation of his advisory Sentencing Guidelines range. We affirm.

"We review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. McDonald*, 28 F.4th 553, 561 (4th Cir. 2022) (internal quotation marks omitted). We first consider "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). The court's sentencing explanation "need not be exhaustive, or robotically tick through the § 3553(a) factors"; rather, the court's explanation "must be sufficient to satisfy the appellate court that the district court has considered the parties'

2

arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up).

If we find no significant procedural error, we then consider the substantive reasonableness of the sentence imposed. *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020). "A sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (cleaned up). "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Arbaugh,* 951 F.3d at 176 (cleaned up).

Under 18 U.S.C. § 3584(a), a district court has the discretion to impose a federal sentence to run concurrently with or consecutively to a defendant's undischarged state sentence. "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b); *see Setser v. United States*, 566 U.S. 231, 236 (2012).

Upon review of the record, we determine that Marroquin's sentence is both procedurally and substantively reasonable. The district court did not procedurally err by refusing to consider the facts underlying Marroquin's prior state conviction, which was used to support his 10-level sentencing enhancement. The court reasonably declined to

3

reassess who was at fault in the traffic accident resulting in Marroguin's state conviction for felony death by motor vehicle, finding that those details already had been litigated in state court and Marroquin had been convicted of the state offense. We also discern no abuse of discretion in the district court's decision to impose Marroquin's federal sentence to run consecutively to his undischarged state sentence. The court heard arguments from both parties regarding their positions on sentencing and adequately explained the reasons for its sentencing decision, weighing heavily Marroquin's previous removals from this country and illegal reentries, as well as his criminal history, and concluding that a 24-month consecutive sentence was not greater than necessary to meet the objectives of sentencing. We therefore conclude that Marroquin has failed to rebut the presumption that his sentence is substantively reasonable.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*