[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12574

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RUBIO RUBEN SALES,
a.k.a. Rubio Mendez-Sales,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80204-KAM-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Rubio Ruben Sales appeals his 70-month federal sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1).  Sales argues that the district court imposed a substantively unreasonable sentence when it chose to consecutively run 60 months of his federal sentence after his separate state offense.  After careful review, we affirm.

**I.**

Sales is a native and citizen of Guatemala.  In 2008, he was convicted of aggravated battery by intentionally stabbing someone in the chest and right arm.  Then, in 2011, he was convicted of felony death by vehicle, and Sales was deported back to Guatemala the following year.  Sometime thereafter he returned to the United States.  In 2018, Sales was convicted of felony sexual battery against a 15-year-old girl and sentenced in Florida state court to 35.5 years' imprisonment.  He was subsequently charged and pleaded guilty in federal court to illegal reentry after deportation.

Sales's Presentence Investigation Report (PSI) applied a base offense level of eight under U.S.S.G. § 2L1.2(a).  Two enhancements were applied: (1) an eight-level enhancement for the felony death by vehicle offense that occurred before his first removal, per U.S.S.G. § 2L1.2(b)(2)(B); and (2) a ten-level enhancement for his felony sexual battery offense that occurred after his first removal,

per U.S.S.G. § 2L1.2(b)(3)(A). After a three-level reduction for timely acceptance of responsibility per U.S.S.G. § 3E1.1(a) and (b), his total offense level was 23. Based upon his three prior convictions, the PSI calculated eight criminal history points and a criminal history category of IV. The final Guidelines range was 70 to 87 months' imprisonment, with a statutory maximum term of 10 years under 8 U.S.C. § 1326(b)(1).

At sentencing, Sales urged the court to run a greater portion of his sentence concurrently to his undischarged state sentence for felony sexual battery. The district court rejected Sales's arguments and agreed with the government's recommendation that a significant portion of the sentence run consecutively. The district court emphasized Sales's history of successively dangerous crimes and the need to protect the public. As a result, the court sentenced him to 70 months' imprisonment for illegal reentry after deportation, with 60 months to run consecutively, and 10 months concurrently, to his undischarged state sentence for felony sexual battery. Sales timely appealed.

## II.

Sales argues that the district court imposed a substantively unreasonable sentence[1] when it chose to run 60 months of his

---

[1] Sales did not object to the calculation of his Guidelines range in his PSI, and the district court adopted its findings in full. Accordingly, we adopt the same Guidelines range to analyze the substantive reasonableness of his sentence.

federal illegal reentry sentence consecutively to his separate state offense.

We review a sentence's substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We similarly review for abuse of discretion the decision to run a federal sentence consecutively to a state-imposed sentence. *United States v. Covington*, 565 F.3d 1336, 1346 (11th Cir. 2009). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The court also must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable Guidelines range, and any pertinent policy statement issued by the Sentencing Commission. *See id.* § 3553(a)(1), (3)–(5).

The weight given to each § 3553(a) factor "is committed to the sound discretion of the district court," wherein "a district court may attach great weight to one § 3553(a) factor over others." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). We

ordinarily expect a sentence within the Guidelines range to be reasonable, and "[a] sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

When a federal sentence is imposed on a defendant subject to an undischarged term of state imprisonment, "the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). The district court must consider the same § 3553(a) factors in making such determinations. *Id.* § 3584(b). We recognize that district judges "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences . . . that have been imposed in other proceedings, including state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). Once the § 3553(a) factors are considered, "the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable." *Covington*, 565 F.3d at 1347.

On appeal, Sales argues that the district court improperly weighed the § 3553(a) factors. He points to the court's emphasis upon Sales's criminal history and the need to protect the public. Due to his 35.5-year state imprisonment, Sales argues that the purposes of § 3553(a) are already met and his federal sentence should run concurrently.

Based upon this record, the district court's sentence is substantively reasonable. In arriving at the sentence, the court stated that it considered all of the § 3553(a) factors, with an emphasis

upon Sales's history and characteristics and the need to protect the public from further crimes. Not only was this weight within the district court's sound discretion, *Butler*, 39 F.4th at 1355, but it was warranted by the record. Sales's history includes several violent crimes both before and after his deportation, including stabbing an individual in the chest, committing felony death by vehicle, and sexually assaulting a 15-year-old girl. Further, 70 months' imprisonment falls at the bottom of the applicable Guidelines range and well below the statutory maximum sentence, both of which serve as indicators of a reasonable sentence. *Stanley*, 739 F.3d at 656. Based upon this significant history of violence against and disregard for others, the district court acted well within its discretion to order his illegal reentry sentence run 10 months concurrently, and 60 months consecutively, to his present state sentence. Accordingly, we affirm.

**AFFIRMED.**