**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4583**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

IAN B. COLES,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond, Henry E. Hudson, District Judge.  (3:17-cr-00052-HEH-1)

Submitted:  April 27, 2018                        Decided:  May 1, 2018
                  Amended:  May 1, 2018

Before WILKINSON and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Valencia D. Roberts, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Peter S. Duffey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ian Coles pled guilty without a plea agreement to possession of a firearm (a .38 caliber revolver) by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). He was sentenced to 120 months in prison. The sentence runs consecutively to a 60-month sentence previously imposed in the Eastern District of North Carolina for a § 922(g)(1) violation. The North Carolina offense involved a shotgun. Coles appeals, claiming that the two sentences should have run concurrently, rather than consecutively. We affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Berry*, 814 F.3d 192, 194-95 (4th Cir. 2016) In determining whether a sentence is procedurally reasonable, we consider, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range and adequately explained its chosen sentence. *Gall*, 552 U.S. at 51. We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion but review de novo whether the district court properly applied the relevant Guidelines. *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995).

District courts "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). Indeed, courts have statutory discretion to impose a consecutive or concurrent sentences. 18 U.S.C. § 3584(a) (2012). In exercising this discretion, a court is required to consider the factors set forth in 18 U.S.C. § 3553(a)

3

(2012). 18 U.S.C. § 3584(b). The Guidelines also offer direction to courts that must decide whether to run a sentence consecutively or concurrently. *See* U.S. Sentencing Guidelines Manual § 5G1.3 (2016). The relevant subsections in this case are § 5G1.3(b) and § 5G1.3(d), p.s.

"Generally speaking, § 5G1.3(b) addresses the situation in which a defendant is prosecuted in more than one jurisdiction for related conduct" and "operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *United States v. Rouse*, 362 F.3d 256, 262 (4th Cir. 2004) (internal quotation marks omitted). This subsection provides that, if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed" in the following manner:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

USSG § 5G1.3(b) .

An application note clarifies that § 5G1.3(b) applies, and a concurrent sentence is appropriate, when "all of the prior offense is relevant conduct to the instant offense" and that "[c]ases in which only part of the prior offense is relevant conduct to the instant offense are covered under subsection (d)." USSG § 5G1.3 cmt. n.2(A). Section 5G1.3(d), p.s., in turn, provides that, "[i]n any other case involving an undischarged term

4

of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(d), p.s.

The crucial issue here is whether all of the North Carolina offense was conduct relevant to the Virginia offense. We hold that it was not. Coles' North Carolina offense involved a separate firearm, the offense occurred in a different jurisdiction, and Coles possessed the revolver in December 2016 -- six months after committing the North Carolina offense. Further, not all of the conduct that was deemed relevant to the North Carolina crime, such as the enhancement for Coles' role in the North Carolina offense, was conduct relevant to the Virginia crime.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before us and argument would not aid the decisional process.

*AFFIRMED*