NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANALSIKOV LOWE, AKA Lanalsikou Lowe,

　　　　　　Petitioner-Appellant,

　v.

RUSSELL HEISNER[*], Warden,

　　　　　　Respondent-Appellee.

No. 20-56057

D.C. No. 2:20-cv-01808-MWF-E

MEMORANDUM[**]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 14, 2021[***]

Before:　　WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Federal prisoner Lanalsikov Lowe appeals pro se from the district court's

judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.

---

[*]　　Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Warden Russell Heisner is substituted as Respondent.

[**]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), we affirm.

Lowe contends that he is entitled to 70 months of custody credit towards his federal sentence from a prior period of state custody. Contrary to Lowe's argument, the state did not dismiss Lowe's charges, nor did it take any other action to terminate its jurisdiction and custody in March of 2014. Thus, he remained in state custody and is not entitled to credit on his federal sentence for the time period beginning in March 2014.

To the extent Lowe contends that he is entitled to credit for the period of time in which he was in temporary federal custody on a writ of habeas corpus ad prosequendum, this argument is also unavailing. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (a defendant transferred pursuant to a writ of habeas corpus ad prosequendum is "on loan" to federal authorities and remains a state prisoner). The record reflects that the state of Nevada had primary jurisdiction during the challenged period of time and credited the time towards his state sentence. *See id*. at 1365 ("the first sovereign to arrest a defendant has priority of jurisdiction").[1] Thus, the credits earned during this period cannot be credited

---

[1] During its investigation into Lowe's petition, the Bureau of Prisons ("BOP") found that Lowe had not received credit for 436 days he spent in state custody. The BOP has now credited that time on his federal sentence. This is unrelated to the claims Lowe raises here.

towards his federal sentence.  *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (a defendant cannot "receive a double credit for his detention time").

Finally, Lowe's argument that he is entitled to nunc pro tunc designation fails because the judge in Lowe's federal case ordered his sentence to run consecutively to his state sentence.  *See Setser v. United States*, 566 U.S. 231, 244-45 (2012) (district court may order its sentence to run consecutively to an anticipated state sentence); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002) (if the federal judge orders its sentence to run consecutively to the state sentence, the BOP is obligated to decline a prisoner's request for nunc pro tunc designation).

**AFFIRMED.**

20-56057