[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11905

Non-Argument Calendar

_____

BOBBY KEYS,

Petitioner-Appellant,

*versus*

WARDEN, FCC COLEMAN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:19-cv-00201-BJD-PRL

_____

Before ROSENBAUM, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Bobby Keys, a federal prisoner, appeals the district court's denial of his *pro se* 28 U.S.C. § 2241 habeas corpus petition. He argues that the Federal Bureau of Prisons ("BOP") incorrectly treated his 150-month mail-fraud sentence and 22-month revocation-of-supervised-release sentence, imposed at different times, as consecutive when both judgments were silent as to whether the sentence would run concurrently or consecutively to any other sentence. Keys further asserts that, under 18 U.S.C. § 3584(c), the BOP was required to treat his 2 sentences as a single 172-month term of imprisonment for purposes of calculating his good-time credit and failed to do so. After reviewing the record and reading the parties' briefs, we affirm the district court's judgment denying Keys habeas relief.

## I.

We review *de novo* questions of law in the denial of a petition for a writ of habeas corpus. *Andrews v. Warden*, 958 F.3d 1072, 1076 (11th Cir. 2020).

Under § 3584(a) of Title 18 of the U.S. Code, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.] . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders

that the terms are to run concurrently." 18 U.S.C. § 3584(a). In *Setser v. United States*, the Supreme Court held that, under § 3584(a), the district court has the exclusive authority to determine whether a sentence is to run concurrently or consecutively to any other sentence and that § 3621(b) does not grant any such authority to the BOP. *Setzer*, 566 U.S. 231, 239, 132 S. Ct. 1463, 1470 (2012). Section 7B1.3(f) of the Federal Sentencing Guidelines states that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f).

The record demonstrates that the district court correctly found that the BOP properly treated Keys's sentences as consecutive because they were imposed at different times, and both judgments were silent as to whether the sentence would run concurrently or consecutively to any other sentence. *See* 18 U.S.C. § 3584. The record indicates that the courts sentenced Keys for his violations of supervised release and his mail fraud convictions at different times, and the courts did not state in either judgment that the sentences were to run concurrently. Although the sentencing courts had the discretion to choose whether to run the sentences concurrently or partially concurrently, they did not exercise that discretion. Thus, the BOP correctly treated the sentences as

consecutive, and the district court did not err in denying Keys habeas relief on this ground.

## II.

The record shows that Keys, for the first time on appeal, argues that the BOP was required to treat his sentences as a single term of imprisonment for the purposes of calculating good-time credit. Keys contends that his 22-month sentence for violations of supervised release and his 150-month sentence for mail fraud should be aggregated into one single 172-month sentence for purposes of good time credit. However, because Keys raises this issue for the first time on appeal, we will not consider it. *See Boyd v. Warden*, 856 F.3d 853, 877 (11th Cir. 2017).

Based on the aforementioned reasons, we affirm the district court's order denying relief on Keys's § 2241 petition.

**AFFIRMED.**